(June 14, 1907.)

## NATHAN TANNER, Jr., Appellant, v. DANIEL C. WOOD, Respondent.

[90 Pac. 733.]

SATISFACTION OF JUDGMENT—ORDER VACATING SATISFACTION OF JUDGMENT.

1. Where the clerk of the court has entered a satisfaction of judgment under the provisions of section 4461, Revised Statutes, and upon motion made by the judgment creditor to vacate and set aside such satisfaction on the grounds that the necessary and requisite showing had not been made and presented to the clerk as required by the provisions of the statute, and upon the hearing of such motion the judgment debtor makes a showing that he has in fact paid the judgment, although the showing so made is not such as would authorize the clerk to enter satisfaction of judgment, it is made the duty of the court to hear, examine and consider such showing and the evidence in support thereof, and if he finds that in fact the judgment has been paid, he should thereupon either deny the motion, or vacate such satisfaction, and himself make an order directing the entry of satisfaction of the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Bingham. Hon. J. M. Stevens, Judge.

Motion by the respondent to vacate and set aside a satisfaction of judgment entered by the clerk of the district court under the provisions of section 4461, Revised Statutes, and counter-showing by the plaintiff to the effect that the judg-

ment had in fact been paid. Order was entered by the district court annulling and vacating the satisfaction of judgment and ordering the issuance of execution. *Order reversed* and cause remanded for further hearing.

N. Tanner, Jr., *pro se,* cites no authorities.

A. M. Bowen, for Respondent.

That an illegal or erroneous entry of satisfaction may be set aside by a court of record, which has undoubted control of its own records, is well settled by the decided cases, and there seems to be no denial of that right in a court of record. (19 Ency. of Pl. & Pr. 139; *McNeal v. Hunt,* 6 Kan. App. 670, 50 Pac. 63; *Chapman v. Blakeman,* 31 Kan. 684, 3 Pac. 277.)

AILSHIE, C. J.—This is an appeal from an order setting aside and vacating a satisfaction of judgment entered by the clerk and directing an execution to issue upon the judgment. It appears that on November 10, 1905, judgment was entered in the district court in favor of the respondent herein and against the appellant for costs in the sum of $210.85, and at the same time judgment was entered in another action pending between the same parties for costs in the sum of $68.85, in favor of appellant herein. Soon after the entry of these judgments the sheriff served on appellant a copy of an execution issued upon a judgment previously entered against the respondent and in favor of one Edna M. S. Rich, and at the same time served with the execution a notice that all moneys due respondent were thereby attached. Appellant does not claim to have paid anything to the officer under this execution and garnishment. Thereafter, and on July 3, 1906, appellant filed with the clerk of the district court four papers attached together, which purported to show the payment to the attorneys for Edna M. S. Rich, the attaching creditor of Wood, the sum of $141.90, that being the difference between the judgment which had been entered in favor of appellant and against respondent and the one in favor of respondent

and against appellant. The papers thus filed were as follows:
1. A receipt from Edna M. S. Rich's attorneys, which was as
follows:

"$141.90.                           Blackfoot, Idaho, July 3, 1906.

"Received from Nathan Tanner, Jr., plaintiff in the case
of N. Tanner, Jr., vs. D. C. Wood, the sum of one hundred
forty-one 90-100 Dollars, being the amount paid as garnishee
in the suit of Edna M. S. Rich v. D. C. Wood.

Signed:        "S. J. RICH and GEO. Q. RICH,
                    "Attys. for Edna M. S. Rich."

2. A paper purporting to be a copy of a writ of execution
in a case entitled Edna M. S. Rich v. D. C. Wood; 3. A blank
form of writ of attachment and garnishment notice attached
to the execution, the notice being signed by the sheriff; and
4. An unverified statement signed by the appellant herein
and accompanying the other papers, which statement was to
the effect that appellant had been served by attachment or
garnishment process, and that he had paid to the attaching
creditor's attorneys the sum of $141.90, that being the dif-
ference between the two judgments. Upon the filing of these
papers with the clerk of the court, he at once entered up
a satisfaction of the judgment previously entered against ap-
pellant. It is conceded that the clerk had no authority to
enter this satisfaction of judgment, for the reason that the
showing made was not in compliance with section 4461 of
the Revised Statutes. It is contended by appellant, however,
that the showing was sufficient to justify, and indeed require,
that the court upon the hearing order a satisfaction to be en-
tered up in conformity with the provisions of the latter part
of the section above referred to, as it is there provided that
the court may order the entry of a satisfaction without the
formal showing necessary to justify the clerk in entering such
a satisfaction. In this case, however, the court does not seem
to have acted upon the showing made by appellant in the
lower court, but simply ordered the satisfaction that had pre-
viously been entered by the clerk to be vacated, and that
execution issue upon the judgment. It is conceded here, and

indeed was so conceded in the lower court, that appellant's judgment for $68.85 should have been offset against the respondent's judgment for $210.85, and that there could have been in no event an execution for more than $141.90, the difference between the two judgments. Even if the appellant's showing had not been sufficient to justify the trial court in ordering a satisfaction of the judgment, it was nevertheless error to direct the issuance of an execution for the full sum of respondent's judgment of $210.85.

We think, as a matter of technical law, the district judge acted properly in vacating and setting aside the satisfaction of judgment entered by the clerk. He had clearly acted without authority, for the reason that the showing made was not in compliance with the statute, nor was it such as to authorize the clerk to enter a satisfaction of judgment. On the other hand, we think that when the matter was brought before the trial court on motion, and the appellant made what would seem to be at least a *prima facie* showing that he had paid the judgment to respondent's attaching creditor, the court should have examined into that matter and made a finding as to whether or not the appellant had in fact paid the judgment. If the court should have found that the judgment had been paid, and that as a matter of right it should be satisfied, then there would have been no occasion for having the satisfaction entered by the clerk vacated and again ordering another satisfaction entered, since there is no occasion for doing a useless thing.

On examination of the motion as to whether the judgment had been paid or not, it would have been necessary for the court to ascertain the regularity and validity of the attachment and garnishment process served on appellant in the case of Edna M. S. Rich against respondent. The question of the regularity of the process and priority of liens against the judgment would have been proper and necessary questions for the court to determine. In view of the fact that in no event could the execution issue for more than $141.90, and since it was the duty of the court when such motion was made to determine whether or not the judgment had in fact been

paid, it will be necessary to remand this case for further proceedings. The order of the district court will, therefore, be reversed and the cause remanded, with instructions to the trial court to hear and determine the question as to whether or not the judgment has in fact been paid, and enter an order in accordance with the facts so found.

Order reversed and the cause remanded, with directions to take further proceedings as above indicated. Costs of this appeal will be equally divided between the appellant and respondent.

Sullivan, J., concurs.